**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 13-cv-02171-CMA-CBS

KIM REICHERS,

      Plaintiff,

v.

DELAWARE ASSET MANAGEMENT, LLC,

      Defendant.

---

## ORDER OF JUDGMENT

---

This matter is before the Court on Plaintiff Kim Reichers' Motion for Entry of

Default Judgment (Doc. # 12).  Having reviewed the motion, and being fully advised

in the premises, the Court finds that entry of default judgment in favor of Plaintiff is

appropriate.  Plaintiff also asks for an award of statutory and actual damages, attorney

fees, and costs.

## I.  <u>BACKGROUND</u>

This matter stems from allegations that Defendant Delaware Asset Management,

LLC violated the Fair Debt Collection Practices Act ("FDCPA") in its attempts to collect

an alleged debt stemming from a payday loan.  Plaintiff alleges that Defendant left her

a voicemail in which it failed to meaningfully identify itself, implied legal action had been

taken against her, and conveyed that she had engaged in criminal conduct.   Plaintiff

also alleges that Defendant threatened her with legal action, falsely represented the

legal status of the debt owed by attempting to collect a debt she already paid, and failed

to notify her in writing of its intent to deposit a payment postdated more than five days.

All of these allegations, according to Plaintiff, amount to violations of the FDCPA.  (Doc.

# 12.)  Defendant has failed to enter an appearance or otherwise respond to this action

and on September 24, 2013, the Clerk entered default.  (Doc. # 8.)

## II.  THE FDCPA

The FDCPA was enacted "to eliminate abusive debt collection practices by debt

collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent

State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

The FDCPA provides that a successful plaintiff shall be awarded damages, costs, and

reasonable attorney fees as determined by the court. 15 U.S.C. § 1692k(a).  In relevant

part, § 1692k(a) provides as follows:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) [not relevant]; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C.A. § 1692k(a).

## III.  <u>ACTUAL DAMAGES</u>

After entering default judgment, the Court takes all of the well-pleaded facts in a complaint as true.  *See United States v. Craighead*, 176 Fed.Appx. 922, 925 (10th Cir. 2006) (order and judgment).  "If defendant does not contest the amount prayed for in the complaint by failing to answer and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.  *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) (internal quotations omitted); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A C. Wright, A. Miller, & M. Kane, *supra,* § 2688 (quoting *Pope v. United States,* 323 U.S. 1, 12 (1944)).

A plaintiff who establishes a violation of the FDCPA may recover damages for personal humiliation, embarrassment, mental anguish, or emotional distress.  15 U.S.C. § 1692k(a)(1).  In relying on her own testimony, Plaintiff is required to "explain [her] injury in reasonable detail and not rely on conclusory statements."  *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1182 (10th Cir. 2013) (quoting *Bagby v. Experian Information Solutions, Inc.,* 162 Fed.Appx. 600, 605 (7th Cir. 2006) (internal quotation

marks omitted)).  However, Plaintiff is not required to produce evidence to corroborate her detailed and specific testimony.  *Id.*  "An injured person's testimony **alone** may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory statements."  *Id.* at 1183 (quoting *Bach v. First Union Nat. Bank,* 149 Fed.Appx. 354, 361 (6th Cir. 2005) (emphasis in original).

Here, Plaintiff claims out-of-pocket losses in the amount of $211.42 for payment of a debt that was already paid, which she would not have paid but for Defendant's threats to take legal action against her.  (Doc. # 12 at 11.)  In addition, Plaintiff asks for damages for emotional distress she sustained as a result of Defendant's conduct.  (*Id.* at 11-12.)  The Court must therefore determine whether Plaintiff is entitled to the damages she seeks.  Plaintiff avers that during a vacation, she received a voicemail in which Defendant allegedly implied that Plaintiff engaged in criminal activity by failing to pay her debt.  This caused Plaintiff to fear that she would go to jail if the debt was not paid.  (*Id.*)  Plaintiff also avers that when she "spoke with Defendant, she felt that, in order to avoid being put in jail, she had no other choice but to pay off the debt again."  (*Id.* at 11.)  As a result of Defendant's voicemail and call, Plaintiff claims she suffered "humiliation, stress, anxiety, and fear. . . ."  (*Id.*)  Taking the factual allegations as true with liability established by virtue of default judgment, the Court determines that Plaintiff has demonstrated that she is entitled to actual damages.  Pursuant to Plaintiff's request, the Court awards her $2,000.00 for the threatening phone call and voicemail she avers

she received from Defendant.  *See Guajardo v. GC Services, LP*, 498 Fed.Appx. 379, 387 (5th Cir. 2012) (upholding an award of $1500 per telephone call).

## IV. ATTORNEY FEES

In this case, Plaintiff has pursued a successful action to enforce the liability specified in § 1692k(a)(2)(A).  As a result, she is entitled to an award of reasonable attorney fees and costs under § 1692k(a)(3).  Because Defendant has not responded to Plaintiff's motion, the Court lacks the benefit of scrutiny and analysis from the opposing party.  Nonetheless, the Court has a duty to ensure that the request for attorney fees is reasonable.  *See Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983).

Any determination of reasonable attorney fees starts with a calculation of the "lodestar" amount.  *Id.* at 433.  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*; *Homeward Bound, Inc. v. Hissom Memorial Ctr.,* 963 F.2d 1352, 1355 (10th Cir. 1992) (The Tenth Circuit has recognized the lodestar amount as presumptively reasonable).

In the instant case, Plaintiff's counsel provided a detailed statement of services in which he claims that three attorneys of varying experience have spent a total of 6.9 hours providing legal services in this case.[1]  First, the Court questions the need for two partners—Smith and Marco—to perform work on this run-of-the-mill case.  Moreover, both partners apparently billed for e-filing court documents, which are administrative tasks or secretarial work that should not be billed at an attorney's hourly rate.  *See, e.g.*, *Miracle Gash v. Client Servs., Inc.*, No. 12–cv–01426–LTB–MJW, 2013 WL 1130717,

---

[1]  Smith performed 3.7 hours, Marco performed 0.2 hours, and Bakov performed 3.0 hours of work on this case.

at *3 (D. Colo. March 18, 2013) (finding 0.5 hours, which "mostly ... relate to the e-filing [of] court document" were "clerical or administrative tasks" and "not billable at the lawyers hourly rate").  Therefore, the Court will reduce Attorney Smith's time from 3.7 hours to 3 hours  (see Doc. 12-2 (billing 0.7 hours to "review file, review draft Motion for Default Judgment, make revisions, and file motion and exhibits electronically")), and Attorney Marco's time from 0.2 hours to 0 hours (see id. (billing 0.2 hours to "review file and Clerk's Entry for Default and exhibits, electronically file motion and all exhibits")). See Fox v. Vice, --- U.S. ---, 131 S.Ct. 2205, 2217 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Having determined that Attorney Marco will not receive fees, the Court must only determine the reasonable rate for Attorneys Smith and Bakov.  The Court questions whether counsel's requested rate of $395.00 and $225.00 per hour for Smith and Bakov, respectively, are reasonable rates.  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  Blum v. Stenson, 465 U.S. 886, 895 (1984).  Unless the subject of the litigation is "so unusual or requires such special skills" that only an out-of-state lawyer possesses, "the fee rates of the local area should be applied even when the lawyers seeking fees are from another area."  Jane L. v. Bangerter, 61 F.3d 1505, 1510 (10th Cir. 1995); see also Lippoldt v. Cole, 468 F.3d 1204, 1225 (10th Cir. 2006) (rejecting

6

plaintiff's argument that cases from around the country establish reasonable rate because the relevant community was Witchita, KS—where the FDCPA case was filed even though one attorney practiced in Florida).  The Court notes that there has been no showing that the services provided in this case were so "unusual" or "special" to require out-of-state counsel.

The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1203 (10th Cir.1998).  In order to satisfy her burden, Plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

Plaintiff's counsel provided affidavits stating that Smith is a managing partner and has been licensed to practice for 20 years and Attorney Bakov is a junior associate who has been licensed to practice for 1 year.  (Doc. # 12-4.)  Although counsel provides the Laffey Matrix, the submissions to this Court do not provide information on the prevailing market rate in this District.

The Laffey Matrix does not adequately establish the prevailing rate for consumer law advocates in Colorado.  *Howard v. Midland Credit Mgmt., Inc.*, No. 11-CV-03123-PAB-BNB, 2012 WL 4359361, at *3 (D. Colo. Sept. 24, 2012).  The Laffey Matrix establishes rates for attorneys and paralegals under fee-shifting statutes, such as 42 U.S.C. § 2000e–5k, based on the number of years since graduation from law school.

*Id.* (citing *Rooths v. District of Columbia,* 802 F. Supp. 2d 56, 61 (D.D.C. 2011)).  The

Laffey Matrix was prepared by the District of Columbia's U.S. Attorney's Office and is

used to determine legal fees in the Washington D.C. or Baltimore area.  *See* Laffey

Matrix: The Primary Tool for Assessing Legal Fees in the Washington-Baltimore Areas,

http://www.laffeymatrix.com; (Doc. # 12-3).  Although the matrix can be adjusted for

different regions, courts in other districts have found that the Laffey Matrix is not "more

helpful than the rates actually used by other courts or the rates of law firms."  *Howard*,

2012 WL 4359361, * 3 (quoting *Fitzgerald v. City of Los Angeles,* 2009 WL 960825, at

*11 (C.D. Cal. 2009).  "The Fourth Circuit recently held that a district court abused its

discretion in awarding hourly rates requested by a plaintiff's counsel based only on

affidavits from her own counsel and the Laffey Matrix."  *See id.* (citing *Robinson v.*

*Equifax Information Services, LLC,* 560 F.3d 235, 245–46 (4th Cir. 2009) (holding, in

a Fair Credit Reporting Act case, the Laffey Matrix was not a reliable indicator of hourly

rates for litigation attorneys in Alexandria, Virginia as the Matrix applies only to

Washington D.C. attorneys)).  Consequently, because the Laffey Matrix is not indicative

of the prevailing rate in Colorado, counsel's affidavits do not sufficiently establish a

prevailing market rate of $395.00 and $225.00 per hour for attorneys with Smith and

Bakov's experience.  *See id.*

 If the district court does not have adequate evidence of prevailing market rates

for attorney fees, then it may, "in its discretion, use other relevant factors, including its

own knowledge, to establish the rate."  *Lippoldt*, 468 F.3d at 1225.  A district judge may

consider his or her "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate." *Id.*

In Colorado, the prevailing market rate for experienced counsel in FDCPA cases is $250 per hour. *See, e.g., Miracle Gash v. Client Servs., Inc.,* No. 12–cv–1426–LTB–MJW, 2013 WL 1130717 (D. Colo. Mar. 18, 2013); *Johnson v. Leading Edge Recovery Solutions, LLC,* No. 12–cv–03103–CMA–CBS, 2013 WL 674057 (D. Colo. Feb. 22, 2013); *Kittle v. Accredited Collection Agency Inc.*, No. 07-CV-01716-REB-BNB, 2011 WL 683815 (D. Colo. Feb. 15, 2011); *Segura v. Midland Credit Mgmt, Inc.,* No. 12–cv–00830–PAB–BNB, 2013 WL 560702 (D. Colo. Feb. 14, 2013). Therefore, the Court will reduce Smith's rate from $395 to $250, making the total award for his fees $750. (*See* Doc. # 12 at 14 (3.0 hours x $250 = $750)). Attorney Bakov's rate will be reduced from $225 to $200, making the total award for his fees $600. (*See id.* (3.0 hours x $200 = $600). *See Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-cv-01019-PAB-BNB, 2013 WL 2295449, *8 (D. Colo. May 24, 2013) (finding $200 a reasonable rate for an attorney with 1.5 years of experience).

In addition, the Consumer Law Attorney Fee Survey lists the median paralegal rate for the Western region as between $75.00 and $99.00. *Scadden v. Weinberg, Stein & Associates, LLC*, No. 12-CV-02454-PAB-MEH, 2013 WL 1751294, at *6 (D. Colo. Apr. 23, 2013). Although the paralegal who worked on this case has been certified as a paralegal for ten years, her affidavit contains no information about her actual experience working in the legal field. Therefore, the Court finds that $75.00 per hour is a reasonable rate. *See id.; Lockmon v. Thomas F. Farrell, P.C.,* No. 12–cv–

9

02319–CMA–MEH, 2012 WL 6590426, at *3 (D. Colo. Dec. 18, 2012) ("the Court finds

that the average rates set forth in the [Consumer Law Attorney Fee] Survey ($230 for

attorneys, $75 for paralegals) are reasonable").  Therefore, the Court will reduce the

paralegal rate from $115 to $75, making the total award for paralegal fees $735.  (*See*

Doc. # 12 at 14 (9.8 hours x $75 = $735)).  Accordingly, the Court awards a total of

$2,085.00 in attorney fees.

## V. **CONCLUSION**

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Default

Judgment as to Delaware Asset Management, LLC is GRANTED IN PART and

DENIED IN PART.

Specifically, it is ORDERED that judgment is entered in favor of Plaintiff Kim

Reichers and against Defendant Delaware Asset Management, LLC, in the amount

of $1,000.00 for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  It is

FURHTER ORDERED that Plaintiff is awarded $2,211.42 in actual damages,

pursuant to 15 U.S.C. § 1692(k)(a)(1).  It is

FURTHER ORDERED that costs in the amount of $445.00 and attorney fees

in the amount of $2,085.00 are also awarded.

DATED:  November    20   , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge